Barker, J.
The record discloses, in my judgment, an error in law for which the judgment should be reversed. The referee has found, as matter of law, that the plaintiff was indebted to the defendant in the sum of $14.25, and. ordered judgment in its favor for that sum, with costs.
The plaintiff acted as the defendant’s agent for many years in selling and erecting iron bridges, which were manufactured by it, for which service he was to receive a compensation by way of commissions. The plaintiff also collected moneys from the defendant’s customers due on. sales for bridges made by him, which he disbursed on the defendant’s account and remitted portions of the sale to the defendant at its home office. Each party kept an account, of the business connected with the plaintiff’s agency. The plaintiff claimed that there was due him the sum of $555.02 which the defendant disputed, and this action was brought by the plaintiff to recover that sum.
The commissions claimed by the plaintiff are for sales subsequent to the 28th day of February, 1882. On that day the parties had a settlement of all their prior dealings, which the referee found to be correct in all respects except as to two items which are mentioned in the report, and which will hereinafter be referred to.
After - that settlement the plaintiff continued to act as agent, making sales of bridges and erecting the same on the defendant’s account, collecting, remitting and disbursing moneys connected therewith. Annexed to the com- and which is made a thereof refer *282 ence, is the plaintiff’s account, in items, charging the defendant with commissions on sales made and for services rendered and moneys remitted and disbursed by him, also giving credit for all the moneys collected and received by him connected with those transactions.
The defendant, by its answer, put in issue all the items in the debtor’s side of the account, and admitted the items of credit given therein.
The plaintiff ’claims, that upon the facts as found by the referee, he was entitled to a judgment in his favor, as a matter of law, for a sum above $50, and that it was error on the part of the referee in rendering judgment for the defendant.
I am satisfied that the plaintiff is correct in his contention. The facts specifically found as to the state of the accounts between the parties conclusively establish that the plaintiff was entitled to a judgment in a sum sufficient to carry costs in his favor. On this appeal this court may not go to the body of the evidence as set forth in the case, for the purpose of finding a state of facts against the appellant other and different from those found by the referee, for the purpose of sustaining the legal conclusions set forth in his report.
The referee has found that between the twenty-eighth day of February, 1882, and the time of the commencement of this action, the plaintiff, as agent, sold and erected a number of bridges for the defendant, and paid out various sums of money in and about the erection of the same, and that the plaintiff’s services or commissions for selling bridges "and for the erection of the same, together’with the expenses and the expenditures, amounted in the aggregate to the sum of $4,309.33. And that from time to time during the same period, the plaintiff received as payments upon his account for services and expenses various sums of money, amounting in all, as admitted by the pleadings and upon the trial, to the sum of $3,719.72. See findings, 7, 8.
It will be observed that these findings covering the entire period of time set forth in the complaint, and do not relate to any transaction prior to the said twenty-eighth day of February, 1882, and brings the account down to the time of the commencement of this action. This shows a balance due the plaintiff of the sum of $589.61. If the effect of these findings of fact is not changed by some other fact found, it would entitle the plaintiff to a judgment for that sum, based upon the cause of action set forth in the complaint. But the referee has found certain facts, which show that the plaintiff was not entitled to a judgment for that entire sum, and they will now be referred to.
On the settlement which took place on the 28th of Feb *283 ruary, 1882, the referee has found that by the balance then struck, there was due the plaintiff the sum of $667.87, but that in making such settlement there was, by mistake, an item of $400 in the defendant’s favor omitted, and one in the plaintiff’s favor, for the sum of $99,99, as appears by his twenty-second finding. By the twenty-fifth finding, it is found that subsequent to the settlement and on the ninth day of May, 1882, the plaintiff applied to his own use from moneys collected, the said balance of $667.87, and the item in his favor omitted from the account of $99.99. The defendant is therefore entitled to have deducted from the balance found in the plaintiff’s favor (as per the seventh and eighth findings) $589.61, the sum of $400, which was by mistake omitted from the settlement which took place on the 28th of February, 1882. Adding interest to this item of $400 from the time it was collected to the date of the referee’s report, it equals $495.63. This, deducted from the said balance in the plaintiff’s favor ($589.61), entitles the plaintiff to judgment for the sum of more than fifty dollars.
The referee has in his report passed upon several other questions of fact which are set out in detail therein, but none of them have the effect to change these specific findings as to the several balances mentioned, which clearly entitle the plaintiff to a judgment in a sum sufficient to carry costs in his favor.
The referee has not in any of the conclusions of law set forth in his report attempted to point out the process adopted by him upon the facts found to produce the legal result that the defendant was entitled to judgment in the sum of $14.25. We may not conjecture how this legal conclusion was reached in the mind of the referee. The error is obvious. If interest had not been allowed upon the item of $400, then, according to the referee’s views, the plaintiff would have been entitled to a judgment in the sum of $81.65. Upon the facts found, the defendant was not entitled to interest upon that item.
The $400 was collected the 17th of November, 1880, from which time interest was allowed thereon down to the date of the referee’s report. At the time of the settlement on the 28th day of February, 1882, the defendant was indebted to the plaintiff in the sum of $667.87, which was not paid until May 9, 1882, and if the item of $400 had been properly credited, there would have still been a balance due the plaintiff upon the transactions prior to that settlement. At the time this action was commenced, the referee finds that there was a balance due the plaintiff above $400, not crediting the defendant with the item of $400, so that from the time the plaintiff ceased to be agent to the date of the referee’s report *284 there was no time but what there was a balance due the plaintiff upon a correct statement of the accounts based upon the facts founded by the referee.
The plaintiff’s counsel claims there were other errors which should lead to a reversal of the judgment, but as those indicated necessarily lead to a reversal, they have not been considered with much attention.
Judgment reversed, new trial granted before another referee, with costs to abide the event.
Smith, P. J., Haight annd Bradley, JJ., concur.